**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KEVIN D. NEWCOMB, # R-43433,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 15-cv-01363-MJR** |
| ) | |
| **WEXFORD HEALTH SERVICES, INC.,** ) | |
| **JOHN COE, BETH TREDWAY,** ) | |
| **and STEPHEN B. DUNCAN,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Kevin Newcomb, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983. Plaintiff suffers from cerebral palsy. (Doc. 1 at 5). While incarcerated at Illinois River Correctional Center in 2014, his condition suddenly deteriorated. On December 22, 2014, Plaintiff was sent to a local hospital for an evaluation. His medical providers recommended ankle foot orthosis ("AFO braces"), long term physical therapy, and further evaluation by a neurologist. Before receiving the recommended treatment, however, Plaintiff was transferred to Lawrence on January 21, 2015. (*Id*.).

At Lawrence, Plaintiff was provided with a "pull up wrap" for sports injuries, instead of AFO braces. His physical therapy was cancelled after only five weeks, and he was never referred to a neurologist. Plaintiff was also placed in segregation, denied the use of his wheelchair, and allowed out of his cell for only one hour each week. He became so weak that he often fell and soiled himself while trying to make his way to the toilet. (*Id*.).

Lawrence officials, including Stephen Duncan (warden), Beth Tredway (assistant warden), and John Coe (medical director) denied Plaintiff's requests for medical care, reasoning that Wexford Health Services did not "want [them] . . . to spend money to send inmates out for non-life or death emergencies [b]ecause it cost to[o] much money and Illinois was broke and they needed to save money." (*Id*.).  Plaintiff now sues all four defendants.  He seeks monetary damages and all recommended medical treatment.  (*Id*. at 6).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  The complaint survives preliminary review under this standard.

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

> **Count 1:    Defendants exhibited deliberate indifference toward Plaintiff's serious medical needs at Lawrence, in violation of the Eighth Amendment, when they denied him AFO braces, long term physical therapy, and a referral to a neurologist.**
>
> **Count 2:    Defendants subjected Plaintiff to unconstitutional conditions of confinement at Lawrence, in violation of the Eighth Amendment, when they placed him in segregation without a wheelchair or AFO braces, thereby hindering his ability to use the toilet and exercise.**

The medical needs claim (**Count 1**) shall proceed against all four defendants. The Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *See Perez v. Fenoglio*, 792 F.3d at 768, 776 (7th Cir. 2015) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment claim in this context, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

A serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). Plaintiff's medical condition satisfies this standard. He was diagnosed with cerebral palsy and, due to his declining condition in late 2014, told that he required long term physical therapy, AFO braces, and further neurological evaluation.

The complaint also suggests that the defendants responded with deliberate indifference to Plaintiff's medical condition. Deliberate indifference occurs when a defendant realizes that a substantial risk of harm to a prisoner exists, but disregards the known risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). According to the allegations, the defendants were aware of Plaintiff's medical needs and yet denied his requests for medical care based on cost concerns. Plaintiff points to Wexford's policy of elevating cost concerns over the need for care as the driving force behind the defendants' decision to deprive him of adequate medical care. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 789 (7th Cir. 2014) (private corporation that contracts to provide essential government services can be liable under § 1983, if the

constitutional violation "was caused by an unconstitutional policy or custom of the corporation itself"). On this basis, **Count 1** shall receive further review against Defendants Wexford, Coe, Duncan, and Tredway.

As for the conditions of confinement claim (**Count 2**), a plaintiff must allege facts that, if true, would also satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In this context, the objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis turns on whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes,* 452 U.S. at 346; s*ee also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson,* 501 U.S. at 304. The Seventh Circuit has observed that "[a]dequate food and facilities to wash and use the toilet are among the 'minimal civilized measures of life's necessities,' *Rhodes*, 452 U.S. at 347, that must be afforded prisoners." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012).

In this case, Plaintiff was placed in segregation, stripped of his wheelchair, denied AFO braces, and expected to move around the cell on his own. Because of his cerebral palsy, Plaintiff could not manage. He fell and suffered painful injuries. He also soiled himself while trying to make his way to the toilet.

Plaintiff made the defendants aware of these conditions, by complaining directly to them and writing grievances. Still, they did nothing. *See, e.g., Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 303; *Estelle*, 429 U.S. at 104; *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994) (deliberate indifference shown where official is aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official draws the inference). The allegations in the complaint support a claim for unconstitutional conditions of confinement against the defendants at this early stage. Accordingly, **Count 2** shall also proceed against Defendants Wexford, Coe, Duncan, and Tredway.

## Interim Relief

If Plaintiff seeks any specific relief such as medical care while this action is pending, he must file a motion for a temporary restraining order and/or a preliminary injunction pursuant to Rule 65(a)-(b) of the Federal Rules of Civil Procedure. He has not mentioned this request for relief in his complaint or filed a separate motion under Rule 65. Therefore, the Court will not consider whether interim relief is warranted at this time.

## Pending Motion

Plaintiff filed a motion for service of process at government expense (Doc. 3), which is **GRANTED**. Service shall be ordered on all four defendants in the disposition.

**Disposition**

With respect to **COUNTS 1** and **2**, which are subject to further review against all of the defendants, the Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SERVICES, INC., JOHN COE, BETH TREDWAY,** and **STEPHEN DUNCAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2016**

                                              **s/ MICHAEL J. REAGAN**
                                              **United States Chief District Judge**