IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN NEWCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-1363-MJR-SCW |
| | ) |
| WEXFORD HEALTH SERVICES, INC., | ) |
| JOHN COE, | ) |
| BETH TREDWAY, | ) |
| and STEPHEN B. DUNCAN, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, Chief Judge:

Kevin Newcomb, who suffers from cerebral palsy and is confined at Lawrence Correctional Center, filed this lawsuit under 42 U.S.C. 1983, alleging violations of his federally-secured constitutional rights by three correctional officials (Warden Duncan, Assistant Warden Tredway, and Medical Director Coe) and the private corporation that contracts to provide medical care to inmates in the Illinois Department of Corrections (Wexford Health Services).  On threshold review of the complaint, the undersigned concluded that Plaintiff's complaint stated cognizable claims for deliberate indifference to his medical needs and unconstitutional conditions of confinement.  The case was referred to the Honorable Stephen C. Williams, United States Magistrate Judge, for pretrial proceedings.  Defendants entered, and motions were filed.

On July 25, 2016, Defendants Duncan and Tredway moved for summary judgment on the basis that Plaintiff had failed to exhaust all administrative remedies

1

against them before filing this action (Doc. 45, 46), as required by the Prisoner Litigation Reform Act or PLRA, 42 U.S.C. 1997e. Under the PLRA, if an inmate fails to exhaust administrative remedies before filing suit in federal court, the district court must dismiss the lawsuit. *See Jones v. Bock,* **549 U.S. 199, 223 (2007);** *Burrell v. Powers*, **431 F.3d 282, 284-85 (7th Cir. 2005).**[1]

Plaintiff filed a response (Doc. 54) opposing summary judgment, and Judge Williams undertook to resolve the issue. Three grievances were attached to Plaintiff's complaint – two dated October 25, 2015 and an emergency grievance dated October 27, 2015. The record indicated Plaintiff had sent a letter and requests for status updates on the grievances. Plaintiff maintained he sent another emergency grievance stating that he was being threatened by gang members. Plaintiff also asserted (and offered an affidavit suggesting) that a counselor tore up grievances Plaintiff submitted.

Because there was a dispute of fact regarding whether Plaintiff was thwarted in his effort to exhaust remedies, Judge Williams conducted an evidentiary hearing on January 20, 2017 and ordered the transcript of that hearing immediately prepared. Because Plaintiff's testimony in that hearing plainly changed the position reflected in Plaintiff's response to summary judgment, Judge Williams also ordered Plaintiff to submit the signed copies of the October 25, 2015 grievances for review. He did so on February 3, 2017.

---

[1] Although *dismissal* is the procedural step the district court takes if a plaintiff failed to exhaust prior to filing suit, the issue of exhaustion most often is raised via summary judgment motion, so that the Court can consider evidence "outside the pleadings," such as affidavits, grievances, responses, appeals, and related documentation. *See* **Fed. R. Civ. P. 12(d).**

Having heard the testimony at the hearing and reviewed all the evidence in the record, Judge Williams submitted a Report and Recommendation on February 6, 2017 ("R&R" – Doc. 63). The detailed and thorough R&R recommends that the undersigned grant Defendant Duncan and Tredway's motion, dismiss Plaintiff claims against those two Defendants without prejudice, and allow the case to proceed against Defendants Wexford and Coe (Doc. 63, p. 14). The R&R clearly states that any objections to Judge Williams' recommendations must be *filed* "on or before February 23, 2017" (*id.*).

No objections were filed by that deadline. Nor did Plaintiff move for additional time to file objections prior to the deadline elapsing. This Court need not conduct de novo review. *See* **28 U.S.C. 636(b)(1)("A judge of the court shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made."); Fed. Rule Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").** *See also Thomas v. Arn*, **474 U.S. 140 (1985);** *Johnson v. Zema Systems Corp.*, **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

Accordingly, the undersigned District Judge **ADOPTS** in its entirety Judge Williams' Report and Recommendation (Doc. 63), **GRANTS** Defendants' exhaustion-based summary judgment motion (Doc. 45), and **DISMISSES without prejudice** Plaintiff's claims against Defendants Duncan and Tredway.

3

Following entry of this Order, remaining herein are Plaintiff's deliberate indifference and conditions of confinement claims against Defendants Wexford and Coe.

IT IS SO ORDERED.

DATED: February 27, 2017.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge
